IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIBREEL FRAZIER,                : <br>     Plaintiff,                            : <br>                                     : <br>     v.                                  : <br>                                     : <br> CONNEXUS CREDIT UNION,  : <br>     Defendant.                          : | CIVIL ACTION <br><br> NO. 23-2083 |

**MEMORANDUM**

**SURRICK, J.**                                                                                                  **JUNE  8, 2023**

Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint against Connexus Credit Union ("Connexus"). Frazier's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Frazier will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.     FACTUAL ALLEGATIONS**

Frazier is a frequent litigant in this court. *See, e.g., Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0617 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.). In the present case, Frazier contends that "after applying for a vehicle and a few other things[,] . . . I noticed a Connexus Credit Union account reporting

inaccurate information and other violations as well." (Compl. at 3.)[1]  Specifically, Frazier alleges that on May 8, 2023, he reviewed his "TransUnion consumer report" and noticed inaccuracies. (*Id.* at 6.)  Frazier notified Connexus by letter of the alleged inaccuracies and violations that same day. (*Id.*)  According to Frazier, Connexus "responded stating the account is being reported accurately and no changes have been sent to the Credit Reporting Agency." (*Id.* at 7.)  Frazier contends that Connexus's failure to report accurate information, as well as the failure to "rectify the transaction being reported . . . after being notified that it had occurred," are violations of the FCRA and that Connexus acted negligently. (*Id.*)  Frazier alleges that the inaccurate information continued to appear on his consumer report as of May 23, 2023. (*Id.*)

Frazier attached exhibits to his Complaint, including the May 8, 2023 letter to Connexus notifying Connexus of the alleged inaccuracies, and excerpts of his consumer report. (*See id.* at 12, 14, 16, 18.)  As relief, Frazier seeks "removal of account from all third party reporting agencies including Transunion, Experian, and Equifax," as well as monetary compensation. (*Id.* at 4, 7-8.)

## II.    STANDARD OF REVIEW

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Frazier submitted a form complaint, along with an additional document titled "Complaint," as well as exhibits.  The Court will consider these documents together as comprising Frazier's Complaint. (*See* ECF No. 2 at 1-19.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

(2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III.  DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).[2] To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Liberally construing Frazier's Complaint, it is best understood as presenting a claim against Connexus, a furnisher of information, pursuant to 15 U.S.C. § 1681s-2(b). Nonetheless, Frazier has not pled a plausible claim. While the exhibits attached to Frazier's Complaint suggest that he notified Connexus of the allegedly inaccurate information, Frazier has not alleged

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).

that he disputed the allegedly inaccurate information to a credit reporting agency, that the consumer reporting agency notified Connexus of information of the dispute, and that Connexus failed to reasonably investigate the dispute. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."). Furthermore, Frazier's allegations of inaccuracy are conclusory and undeveloped. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021) (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher). Accordingly, Frazier's Complaint fails to allege a plausible FCRA claim for relief and will be dismissed. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Frazier will be given leave

to file an amended complaint in the event he can state a plausible basis for a claim against Connexus. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

s/ *R. Barclay Surrick*

                               
**R. BARCLAY SURRICK, J.**