IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIBREEL FRAZIER | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 23-2083 |
| CONNEXUS CREDIT UNION | : |

**MEMORANDUM**

**SURRICK, J.**                                                        **JULY 7, 2023**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Jibreel Frazier, which raises claims, *inter alia*, under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant Connexus Credit Union ("Connexus"). For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, Frazier alleged that "after applying for a vehicle and a few other things[,] . . . I noticed a Connexus Credit Union account reporting inaccurate information and other violations as well." (Compl. at 3.)[2] Specifically, Frazier alleged that on May 8, 2023, he reviewed his "TransUnion consumer report" and noticed inaccuracies. (*Id.* at 6.) Frazier notified Connexus by letter of the alleged inaccuracies and violations that same day. (*Id.*) According to Frazier, Connexus "responded stating the account is being reported accurately and

---

[1] Frazier is a frequent litigant in this court. *See, e.g., Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0617 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

no changes have been sent to the Credit Reporting Agency." (*Id.* at 7.)  Frazier asserted that Connexus's failure to report accurate information, as well as the failure to "rectify the transaction being reported . . . after being notified that it had occurred," are violations of the FCRA and that Connexus acted negligently.  (*Id.*)  Frazier alleged that the inaccurate information continued to appear on his consumer report as of May 23, 2023.  (*Id.*)  Frazier attached exhibits to his Complaint, including the May 8, 2023 letter to Connexus notifying Connexus of the alleged inaccuracies, and excerpts of his consumer report.  (*See id.* at 12, 14, 16, 18.)  Frazier sought the "removal of account from all third party reporting agencies including Transunion, Experian, and Equifax," as well as monetary compensation.  (*Id.* at 4, 7-8.)

By Memorandum and Order dated June 8, 2023, Frazier was granted leave to proceed *in forma pauperis*, his Complaint was dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he was granted leave to file an amended complaint.  (ECF Nos. 4, 5.)  The Court concluded that Frazier's FCRA claims were not plausible as pled because Frazier failed to allege that he disputed inaccurate information to a credit reporting agency, that the consumer reporting agency notified Connexus of information of the dispute, and that Connexus failed to reasonably investigate the dispute.  (*See* ECF No. 4 at 4-5 (citing *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) and *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*)).  The Court further noted that Frazier's allegations of inaccuracy were conclusory and undeveloped.  *Id.* (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019)).  Frazier was allowed thirty-days leave to file an amended complaint.  (*See*

ECF No. 5.)  He did so on June 23, 2023.  (ECF No. 6.)  Accordingly, the Court will review the Amended Complaint[3] pursuant to 28 U.S.C. § 1915.

In the Amended Complaint, Frazier again alleges that he noticed "multiple inaccuracies" on his consumer report on May 8, 2023.  (Am. Compl. at 1.)  Frazier avers that he sent Connexus "a notice along with exhibits displaying the violations and asked for Connexus Credit Union to make the proper changes" to his consumer report.  (*Id.* at 1, 19.)  As alleged, Connexus responded to Frazier by letter on May 15, 2023, indicating that the account was reported accurately and that no changes were sent to the consumer reporting agency.  (*Id.* at 1-2, 19.)  Specifically, Frazier alleges inaccuracies with respect to the length of time that the account has been reported as late.  For example, Frazier contends that in his "TransUnion consumer report for the months of September, October, and November all months reflect one hundred twenty (120) days late, however Jibreel Frazier can not be one hundred twenty (120) days late for three consecutive months."  (*Id.* at 2.)  Frazier further asserts that Connexus notified him by letter dated May 25, 2023, that an investigation had taken place and that the reported information was accurate.  (*Id.* at 3-4.)  Frazier contends that the inaccuracies remain and that he has suffered economically and emotionally as a result.  (*Id.* at 2, 4.)  As relief, Frazier seeks the removal of the Connexus account from his consumer report, as well as monetary damages.  (*Id.* at 4, 19-20.)

## II.   STANDARD OF REVIEW

Since Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a

---

[3] Frazier submitted a form complaint, along with an additional document titled "Complaint," as well as exhibits.  The Court will consider these documents together as comprising Frazier's Amended Complaint.  (*See* ECF No. 6 at 1-23.)

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III.   DISCUSSION

### A.   FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by

4

commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).[4] To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Liberally construing Frazier's Amended Complaint, it is best understood as presenting a claim against Connexus, a furnisher of information, pursuant to 15 U.S.C. § 1681s-2(b). While

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).

Frazier contends that he notified Connexus of the allegedly inaccurate information, there are no facts suggesting that Frazier notified a consumer reporting agency about his dispute in the first instance.  *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Washington v. Freedom Mortg.*, No. 20-09332, 2021 WL 1100637, at *2 (D.N.J. Mar. 23, 2021) (explaining that the duties placed on furnishers of information by § 1681s-2(b) are implicated only "[a]fter receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" (internal quotations and alteration omitted)).  Frazier once again has not alleged that he disputed inaccurate information to a credit reporting agency, that the consumer reporting agency notified Connexus of information of the dispute, and that Connexus failed to reasonably investigate the dispute.  Therefore, Frazier has not pled a plausible § 1681s-2(b) claim.

     Moreover, Frazier's allegations of inaccuracy are conclusory and remain undeveloped. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Holland v. Trans Union LLC*, 574

F. Supp. 3d 292, 302 (E.D. Pa. 2021) (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher).

Accordingly, Frazier's Amended Complaint fails to allege a plausible claim for relief pursuant to the FCRA.  *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

### B.  State Law Claim

Frazier also alleges that he has suffered economic and emotional damages due to Connexus's negligence in furnishing information to the credit reporting agencies.  (*See* Am. Compl. at 3-4.)  To the extent that Frazier seeks to present a state law claim for negligence, his claim is preempted by federal law.  "[T]he FCRA broadly preempts any state law "requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies."  *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) (citing 15 U.S.C. § 1681t(b)(1)(F)); *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) ("Although not yet directly addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.") (citing cases).  Courts, including those in this district, "have interpreted . . . [§ 1681t(b)(1)(F)] to bar all state claims, whether statutory or common-law based."  *Rivas*, 2023 WL 4014290 at *3 (citations omitted).  *See, e.g., Havassy*

7

*v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) ("Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2.") (citing cases); *see also LeBoon v. DS Waters of Am., Inc.*, No. 20-5268, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021) (finding that breach of contract and intentional infliction of emotional distress claims were premised on allegations of conduct regulated under § 1681s-2 and therefore preempted by § 1681t(b)(1)(F)); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016) (finding state law defamation claim preempted); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015) (finding state law defamation claim preempted); *Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (finding state law defamation and negligence claims preempted).

Accordingly, any state law negligence claim against Connexus, which is based on its responsibilities as a furnisher of information under § 1681s-2, will be dismissed. *See Rivas*, 2023 WL 4014290, at *3 (finding that plaintiffs' negligence claim is related to or arises out of duties owed under the FCRA and is preempted); *Washington*, 2021 WL 1100637, at *3 (finding that plaintiff's proposed Amended Complaint failed to state cognizable claims for defamation and intentional infliction of emotional distress against furnisher of information as they are preempted by § 1681t(b)(1)(F)).

### IV.   CONCLUSION

For the foregoing reasons, Frazier's Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Since Frazier was given an opportunity to amend the defects in his claims and was unable to do so, we conclude

that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows.

**BY THE COURT:**

**_/s/ R. Barclay Surrick_**
**R. BARCLAY SURRICK, J.**

9